IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FREDRICK BERNARD MOSLEY, #233819, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| MENTAL HEALTH MAN TURNER, et al., | ) ) ) |
| Defendants. | ) |

CASE NO. 2:22-CV-509-WHA-CSC

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action in August 2022. *See* Doc. 1. Upon screening the initial Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court found it contained numerous deficiencies and directed Plaintiff to file an amended complaint that cured those deficiencies. *See* Doc. 5. Although Plaintiff filed an amended complaint as directed (Doc. 6), the undersigned finds that it wholly fails to cure the deficiencies previously identified by the Court. Accordingly, for the reasons set forth below, the undersigned RECOMMENDS that this action be DISMISSED without prejudice for Plaintiff's failure to state a claim on which relief may be granted.

**I.    THE AMENDED COMPLAINT**

The Amended Complaint contains the following factual allegations in their entirety:

Fact, I sex harassment, and denied mental health treat, by tuner, Nurse Jackson Because, harassment of turner, fact on my body chat, of Nurse Jackson put me in lockup because, I said I going kill myself. Wexford,

> ADOC, Nurse, vanun, under color of state law, Nurse Vanon negli[g]ence. Fact file complaint, on mental health man turner, nurse vanun came out door with complaint, saying turnue, and her was play in 2018 and 2022, of lock me up because, I said I going kill myself, Judge put me in lockup, negligence, of Wexford. Nurse Jackson was nurse on both date[s]. He denied me for mental health treat mentel, fact on my body chat. [sic]

Doc. 6 at 4. Based on these allegations, Plaintiff purports to bring claims of cruel and unusual punishment, intentional infliction of emotional distress, and negligence. As relief, he seeks monetary damages, an injunction, and a declaratory judgment. *Id.* at 2.

## II.   DISCUSSION

As the Court previously told Plaintiff, under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 (noting that, although a court must accept all factual allegations in a complaint as true at the motion to dismiss stage, it need not "accept as true a legal conclusion couched as a factual allegation")).

Plaintiff's threadbare Amended Complaint, like his initial Complaint, fails to satisfy the Federal Rules. Although it makes many vague, conclusory references to various acts of wrongdoing, such as negligence and denial of mental health treatment, it fails to provide an adequate basis for the alleged wrongdoing, such as how and why it occurred. It is replete with naked assertions devoid of further factual enhancement, and it is precisely the type of pleading condemned by the United States Supreme Court in *Iqbal* and *Twombly*. Additionally, to the extent Plaintiff alleges any of the named defendants were negligent when they denied him treatment or placed him in lockup, mere negligence is insufficient to state a claim under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

In its prior Order, the Court explained to Plaintiff that the Amended Complaint must, among other things, "[s]pecifically describe[] how each named defendant acted, or failed to act, in a manner that deprived Plaintiff of his constitutional rights." Doc. 5 at 3. Nevertheless, the muddled and inarticulate nature of Plaintiff's allegations neither gives the named defendants fair notice of their alleged action or inaction that violated a specific right of Plaintiff nor allows the Court to draw the reasonable inference that the named defendants are liable for the misconduct alleged. Indeed, despite the Court's guidance, the Amended Complaint fails to cure any of the pleading deficiencies in the initial Complaint.

Thus, the undersigned finds that any further amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint . . . when such amendment would be futile.").

### III. CONCLUSION

Accordingly, for the reasons set forth above, the undersigned RECOMMENDS that this action be DISMISSED without prejudice for Plaintiff's failure to state a claim on which relief may be granted.

It is further ORDERED that, on or before **November 15, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 1st day of November, 2022.

                /s/ Charles S. Coody
                CHARLES S. COODY
                UNITED STATES MAGISTRATE JUDGE